IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEVANTE GLENN, | ) | CASE NO. 1:13CV0128 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE NUGENT |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| DAVID BOBBY, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2.

Petitioner, Devante Glenn ("Glenn"), challenges the constitutionality of his conviction in

the case of *State v. Glenn*, Case No. CR-09525626 (Cuyahoga County 2009).  Glenn

filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254") on

January 18, 2013 in the United States District Court for the Northern District of Ohio.

For the reasons given below, Glenn's petition should be denied and dismissed with

prejudice.

I.

The state appellate court hearing Glenn's direct appeal found the following facts

to be relevant to his case:

> {¶ 2} On July 6, 2009, the Cuyahoga County Grand Jury indicted appellant on six
> counts:  Counts 1 and 4 alleged aggravated robbery in violation of R.C.
> 2911.01(A)(1); Counts 2 and 5 alleged kidnapping in violation of R.C.
> 2905.01(A)(2); and Counts 3 and 6 alleged theft in violation of R.C.
> 2913.02(A)(1).  All counts included one- and three-year firearm specifications.
> Appellant pled not guilty to all charges.

{¶ 3} After appellant waived his right to a jury, the matter proceeded to a bench trial on October 26, 2009.  At trial, the state presented testimony from the following individuals: Lenore Orloski, James Plezia, Detective Scott Clayton, Sergeant John Bechtel, and Officer William Busse.  Their testimony established the following facts.

{¶ 4} Orloski testified that she drove to Plezia's house in Cleveland, Ohio on March 8, 2009, and parked her Jeff Gordon edition 2003 Chevy Monte Carlo in the driveway.  She explained that the car has flames along the side and hood, and a license plate that read "24 WINS."  Plezia owns a dark blue Chevy Malibu equipped with OnStar, a mechanism used to track vehicles via a GPS system.  The two then left in Plezia's Malibu.

{¶ 5} Around 9:30 p.m., Orloski and Plezia returned to Plezia's house.  Orloski exited Plezia's Malibu and entered her Monte Carlo and the parties switch[ed] the positions of the cars so that the Malibu was the first vehicle in the driveway with Orloski's vehicle directly behind.  As Orloski exited the Monte Carlo, she saw four individuals across from her vehicle.  One of the individuals, wearing a beige, tan sweatshirt and baggy blue jeans, approached her, pointed a firearm in her direction and demanded her keys and purse.  The individual confiscated these items, and drove off in the Monte Carlo with another person, and the other two individuals drove away in Plezia's Malibu.  Orloski then phoned 911 and OnStar.  Orloski identified appellant as the individual who pointed the firearm at her.

{¶ 6} Plezia testified similarly to Orloski, and specifically that the assailant with the firearm was an African–American male, who wore a tan-brown jacket possibly made of sweatshirt material.

{¶ 7} Officer Busse testified that he and his partner responded to the call, and learned that the Malibu and Monte Carlo were stolen at gunpoint.  The victims described the individual holding the firearm as an African–American male wearing a tan or brown jacket and blue jeans.

{¶ 8} About two hours later, OnStar tracked the Malibu to Noble Road in East Cleveland and informed the police.  Sergeant Bechtel testified that he responded to the call, and at Noble Road he saw the Malibu, followed by the Monte Carlo.  Sgt. Bechtel explained that the Monte Carlo had the license plate "24 WINS" and a NASCAR sticker.  Sgt. Bechtel, along with Officer O'Leary, followed the vehicles.  The Malibu then made a right turn while the Monte Carlo turned left onto Terrace Avenue, and the officers continued to follow the Malibu.  At the time, Sgt. Bechtel was unaware that the Monte Carlo had also been stolen.

{¶ 9} The Malibu turned onto Nela Avenue and drove behind a house.  The driver, later identified as appellant, exited the vehicle and began running from the police.  Sgt. Bechtel parked his vehicle and joined Officer O'Leary in the foot

pursuit of appellant.  Sgt. Bechtel yelled at appellant to stop running, which he
ignored, and ran through a wooded area.  Eventually, Sgt. Bechtel apprehended
appellant near Belvoir Avenue.  Orloski's purse was found in the Malibu.  And an
hour following appellant's arrest, Sgt. Bechtel recovered the Monte Carlo, which
had been abandoned.

{¶ 10} Officer Busse further testified that he transported appellant from the East
Cleveland police station to the Central Processing Unit.  When Officer Busse
arrived at the East Cleveland station, appellant was laughing and giggling.  But
when appellant was being booked and fingerprinted at Cleveland CPU, appellant
became upset and cried.  Officer Busse testified that while crying, appellant
blurted out that the clothes he had on were not the clothes he had on during the
robbery, that he had on a tan jacket and blue jeans.

{¶ 11} Det. Clayton testified that a couple days following the incident, he showed
Orloski three photo arrays with six photos in each array, for a total of 18
photographs, and that each array included a picture of one of appellant's
brothers.  At that time, there wasn't a picture of appellant to include in the array,
and Det. Clayton considered the brothers as persons of interest.  Although both
Orloski and Plezia identified one of appellant's brothers as someone who could
have been involved, nevertheless, they both stated that none of these
photographs depicted the person who brandished the firearm and took Orloski's
purse and vehicle.  Then about two weeks later, Det. Clayton showed Orloski
another array of six photographs in which she affirmatively identified appellant as
the individual holding the weapon.  Plezia was unable to identify anyone in this
array.

*State v. Glenn*, 2011 WL 3210689, at *1-*2 (Ohio App. July 28, 2011).  Glenn moved for

acquittal at the close of the state's case, and the court granted the motion as to the

kidnaping charges.  The court found Glenn guilty of two counts of aggravated robbery,

two counts of theft, and of the firearm specifications related to these charges.  On

November 23, 2009, the court sentenced Glenn to a total of six years' imprisonment

followed by five years of post-release control.

Glenn, represented by the same counsel on appeal as had represented him at

trial, timely filed a notice of appeal to the state appellate court.  He raised two

assignments of error on appeal:

3

Assignment of Error I:

> The trial court, by failing in its affirmative duty to prevent bias and prejudice in accordance with R.C. 2945.03, denied Mr. Glenn his constitutional rights to a fair trial pursuant to U.S. Constitution Amendments VI and XIV and Ohio Constitution Article I, Sections 10 and 16.

Assignment of Error II:

> The conviction of Mr. Glenn was against the manifest weight of the evidence.

Glenn's first assignment of error alleged that the court erred by permitting the introduction an impermissibly suggestive identification of him from a photo array and by permitting a police officer's testimony about Glenn's statements during booking.  On July 28, 2011, the state appellate court overruled Glenn's assignments of error and affirmed the judgment of the trial court.

Glenn filed a timely notice of appeal to the Ohio Supreme Court.  In his memorandum in support of jurisdiction, Glenn asserted two propositions of law:

Proposition of Law No. I:

> A defendant has been denied a fair trial and due process of law where a court makes a finding of guilty based upon findings that the evidence was insufficient to convict [sic].

Proposition of Law No. II:

> A defendant has been denied due process of law where a reviewing court fails to grant a new trial based upon the manifest weight of the evidence.

On November 30, 2011, the Ohio Supreme Court denied Glenn leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On October 21, 2011, Glenn filed an application to reopen his direct appeal pursuant to Ohio App. R. 26(B).  He was represented in filing his application by a

4

counsel who had not represented him in his original direct appeal.  In his application,

Glenn asserted that appellate counsel had been ineffective for failing to raise the

following claims on appeal:

1.    Defendant was denied due process of law when counsel failed to file a
      motion to suppress and the prosecutor took inconsistent positions with
      respect to any oral statements of defendant.

2.    Defendant was denied due process of law and effective assistance of
      counsel when counsel failed to file a motion to suppress of [sic] the
      identification.

3.    Defendant was subjected to unconstitutional and multiple punishments
      when the court separately sentenced defendant for aggravated robbery
      and theft of the same property.

4.    Defendant was denied due process of law when the court convicted
      defendant with firearm specifications.

On April 2, 2012, the state appellate court denied Glenn's application to reopen.  The

appellate court found that the first two assignments of error had been raised and

overruled on direct appeal and, therefore, were barred by *res judicata*.  The appellate

court found the third and fourth assignments of error to be without merit.  The appellate

court concluded, therefore, that because the claims appellate counsel did not raise were

without merit, appellate counsel had not been ineffective.

Glenn timely filed a notice of appeal of the state appellate court's denial of his

application to reopen to the Ohio Supreme Court.  In his memorandum in support of

jurisdiction, Glenn asserted four propositions of law:

Proposition of Law No. I:

A defendant has been denied due process of law when trial counsel has
failed to file a motion to suppress evidence the prosecuting attorney has
taken inconsistent positions with respect to any oral statements [sic]
allegedly made by a defendant.

5

Proposition of Law No. II:

A defendant has been denied effective assistance of counsel as guaranteed by the Sixth Amendment where trial counsel fails to file a motion to suppress improper identification evidence.

Proposition of Law No. III:

A defendant has been subjected to unconstitutional and multiple punishments where the court separately sentences a defendant for aggravated robbery and theft of the same property.

Proposition of Law No. IV:

A defendant has been denied due process of law when the court convicted defendant with firearm specification where there is insufficient evidence to prove that element beyond a reasonable doubt.

On June 20, 2012, the Ohio Supreme Court dismissed Glenn's appeal as not involving any substantial constitutional question.

On January 18, 2013, Glenn filed in this court a petition for a federal writ of habeas corpus. In his petition, Glenn raises six grounds for relief:

Ground One:                      FOURTEENTH AMENDMENT

Supporting Facts: Petitioner was denied a fair trial and due process of law when the court, in its verdict, based its decision of guilty after finding the evidence was insufficient to convict. Moreover, petitioner's conviction is insufficient [sic] and against the manifest weight of the evidence.

Ground Two:                      SIXTH AMENDMENT

Supporting Facts: Petitioner was denied effective assistance of appellate counsel where counsel failed to raise issues that were apparent upon the face of the record.

Ground Three:                    SIXTH AMENDMENT

Supporting Facts: Petitioner was denied due process of law and effective assistance of counsel where trial counsel failed to file a motion to suppress evidence and the prosecuting attorney had took inconsistence [sic] positions with respect to an alleged oral statement of petitioner.

6

Ground Four: SIXTH AMENDMENT

Supporting Facts:  Petitioner was denied effective assistance of trial counsel where trial counsel failed to file a motion to suppress concerning improper and suggestive identification procedures.

Ground Five: EIGHTH AMENDMENT

Supporting Facts:  Petitioner was subjected to unconstitutional multiple punishments where the separately [sic] sentenced petitioner for aggravated robbery and theft of the same property.

Ground Six: FOURTEENTH AMENDMENT

Supporting Facts:  Petitioner was denied due process of law when he was convicted of a firearm specification where there was insufficient evidence to prove that the alleged weapon was operable.

Respondent filed an Answer/Return of Writ on February 22, 2013.  Doc. No. 6. Glenn filed a Traverse on March 22, 2013.  Doc. No. 7.  Thus, the petition is ready for review.

II

*A.  Jurisdiction*

The Court of Common Pleas of Cuyahoga County, Ohio sentenced Glenn. Glenn filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d).  Cuyahoga County is within this court's geographic jurisdiction.  This court has jurisdiction over Glenn's petition.

7

Respondent contends, however, that the portion of Glenn's first ground for relief alleging a conviction against the manifest weight of the evidence is not cognizable in habeas proceedings.  Glenn does not respond to this contention.

The due process clause of the Fourteenth Amendment requires that a criminal conviction be based upon proof beyond a reasonable doubt as to every fact necessary to constitute the offense charged.  *In re Winship*, 397 U.S. 358, 363-64 (1970).  The test of whether a conviction is supported by sufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  A habeas court resolves all conflicting inferences in favor of the prosecution, and does not weigh the credibility of witnesses.  *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.), *cert. denied*, 464 U.S. 962 (1983).

A claim that a conviction is against the manifest weight of the evidence differs from a claim that a conviction was based on insufficient evidence.  It is possible to conclude that a conviction is supported by constitutionally sufficient evidence but is against the manifest weight of the evidence.  *State of Ohio v. Thompkins*, 78 Ohio St. 3d 380, 387-88, 678 N.E.2d 541, 546-47 (1997).  In determining whether a conviction is against the manifest weight of the evidence, a court re-weighs the evidence and all reasonable inferences, considers and evaluates the credibility of witnesses, and determines whether, in resolving conflicting evidence, the jury clearly lost its way.  *Id.*; *see also Tibbs v. Florida*, 457 U.S. 31, 37-38, 38 n.11 (1982); *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).

A federal court reviewing a petition for a writ of habeas corpus has no authority to

8

re-weigh the credibility of witnesses at trial.  *Marshall v. Lonberger*, 459 U.S. 422 (1983).  It is incapable, therefore, of determining whether a conviction was against the manifest weight of the evidence.  The portion of Glenn's first ground for relief asserting that his conviction was against the manifest weight of the evidence, therefore, is not cognizable in federal habeas corpus.[1]  For this reason, this portion of Glenn's first ground for relief should be dismissed.

B.    *Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings.  28 U.S.C. § 2254(e)(2).  There is no need for an evidentiary hearing in the instant case.  All of Glenn's claims involve legal issues which can be independently resolved without additional factual inquiry.

C.    *Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus.  28 U.S.C. § 2254(b) and (c); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991).  If any state procedures for relief remain available, the petitioner has not exhausted state remedies.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional

---

[1]  Glenn also asserts in his first ground for relief that he was convicted upon constitutionally insufficient evidence.  This ground is cognizable and is addressed later in this report and recommendation.

9

context properly to exhaust state remedies.  *Anderson v. Harless*, 489 U.S. 4 (1982);

*Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir.

1989).  "[O]nce the federal claim has been fairly presented to the state courts, the

exhaustion requirement is satisfied."  *Picard*, 404 U.S. at 275; *see also Harris v.

Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986).  The exhaustion requirement is properly

satisfied when the highest court in the state in which petitioner was convicted has been

given a full and fair opportunity to rule on all the petitioner's claims.  *Manning v.

Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

The requirement that petitioners exhaust state remedies is a matter of comity

between the federal government and the states.  *Rose v. Lundy*, 455 U.S. 509, 518

(1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) (other citations omitted).

Because exhaustion is a matter of comity, a petition containing unexhausted claims may

be denied on the merits.  28 U.S.C. § 2254(b)(2).

Glenn has no state remedies available for the claims he raises in this court.

Because no state remedies remain available to him, Glenn has exhausted state

remedies for these claims.

*D.      Procedural default*

Procedural default occurs when a petitioner fails to present fairly his

constitutional claims to the highest state court in a federal constitutional context.

*Anderson*, 489 U.S. 4; *Picard v. Connor*, 404 U.S. 270 (1971).  Reasons of federalism

and comity generally bar federal habeas corpus review of "contentions of federal law . . .

not resolved on the merits in the state proceeding due to respondent's failure to raise

them there as required by state procedure."  *Wainwright v. Sykes*, 433 U.S. 72, 87

10

(1977).  When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Respondent argues that Glenn has defaulted the portion of his first ground for relief alleging a conviction upon insufficient evidence and the entirety of his second through sixth grounds for relief.  Glenn does not address respondent's claims of procedural default.

The portion of Glenn's first ground for relief alleging a conviction upon insufficient evidence is not procedurally defaulted.  Glenn asserted a claim of conviction against the manifest weight of the evidence on direct appeal in the state appellate court and asserted a claim of a conviction upon insufficient evidence and a claim of a conviction against the manifest weight of the evidence in the Ohio Supreme Court.  When a state appellate court determines that a conviction is not against the manifest weight of the evidence, that necessarily includes a determination that the evidence is sufficient to support the conviction.  *Nash v. Eberlin*, 2007 WL 4438008, *3 (6th Cir. Dec. 14, 2007); *Thompkins*, 78 Ohio St. 3d at 387, 678 N.E.2d at 546.  When the state appellate court determined that Glenn's conviction was not against the manifest weight of the evidence, therefore, it necessarily determined that his conviction was supported by sufficient evidence.  Thus, both the state appellate court and the Ohio Supreme Court considered the merits of Glenn's claim that his conviction was based upon insufficient evidence. That claim, therefore, is not defaulted.

11

Glenn's second ground for relief, ineffective assistance of appellate counsel, was raised in his R. 26(B) motion to reopen his direct appeal.  He did not, however, raise that claim when he appealed the appellate court's denial of his R. 26(B) motion to the Ohio Supreme Court.  Instead, he raised a claim of ineffective assistance of trial counsel.  Because Glenn failed to raise ineffective assistance of *appellate* counsel in the highest court in the state, that claim is procedurally defaulted.

Glenn's third through sixth grounds for relief assert the following claims:  (1) ineffective assistance of *trial counsel* for failing to move to suppress an improper photo array identification; (2) ineffective assistance of *trial* counsel and a due process violation for failing to move to suppress a statement by Glenn and for the prosecutor's inconsistent positions regarding whether Glenn had been *Mirandized*;[2] (3) unconstitutional multiple punishments for aggravated robbery and theft of the same properly; and (4) conviction for firearm specifications upon insufficient evidence.  Glenn raised these claims in his R. 26(B) application to reopen his direct appeal as claims which *appellate* counsel was ineffective for failing to raise on appeal.  Glenn then raised

---

[2]  Glenn asserted in the state appellate court on direct appeal a claim that the photo array identifications and his statements to police were improperly admitted at trial. However, he raised these claims as trial errors attributable to the court, not as errors of trial counsel.  Glenn couched the admission of the alleged improper evidence as a violation of the court's duty to avoid bias and prejudice in a trial to the court.  When Glenn appealed the appellate court's decision to the Ohio Supreme Court, he raised the allegedly improper admission of the identifications as trial error resulting in a violation of due process.  He did not raise in the Ohio Supreme Court the claim regarding the admission of identifications as an instance of ineffective assistance of trial counsel. Moreover, Glenn did not raise in the Ohio Supreme Court the issue of the admission of his statements to the police in any form.  Consequently, Glenn failed to raise in the Ohio Supreme Court on direct appeal any claim of ineffective assistance of trial counsel or a due process violation resulting from admission of his statements to the police.

these claims in the Ohio Supreme Court when he appealed the denial of his R. 26(B) application as substantive claims on their merits, unaccompanied by a claim of ineffective assistance of *appellate* counsel.

When an appellant claims that appellate counsel was ineffective because he failed to raise certain claims, that does not fairly present the underlying substantive claims that appellate counsel failed to raise to the state courts.  *See Goff v. Bagley*, 601 F.3d 445, 472 (6th Cir. 2010).  Thus, Glenn did not fairly present to the state appellate court the claims in his third through sixth grounds for relief.  Although he raised those substantive claims on the merits in the Ohio Supreme Court, under Ohio law a criminal constitutional question cannot ordinarily be raised in the Ohio Supreme Court unless it is first presented in the court below.  *State v. Jester*, 32 Ohio St. 3d 147, 154, 512 N.E.2d 962 (1987).  Moreover, where the state courts are silent as to the reasons for denying a petitioner's claims, the Sixth Circuit applies the presumption that the state court "would not have ignored its own procedural rules and would have enforced the procedural bar." *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).  As the Ohio Supreme Court did not address the merits of Glenn's claims, this court must assume that the Ohio Supreme Court rejected the claims in Glenn's third through sixth grounds for relief as procedurally barred.  Consequently, Glenn has defaulted his third through sixth grounds for relief.

Glenn does not assert cause and prejudice for his defaults, nor does he assert that enforcing the defaults would result in a manifest miscarriage of justice.  For these reasons, Glenn's default of his second through sixth grounds for relief should not be excused, and those claims should be dismissed as procedurally defaulted.

13

III.

The AEDPA altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus.  As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence.  *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000).  Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction.  *Carey*, 549 U.S. at 74.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court).  A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that

14

reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result. *Id.* at 405-06. "A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases." *Id.* at 405. A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand. *Doan v. Brigano*, 237 F.3d 722, 729-31 (6th Cir. 2001). The court will examine the remaining portion of Glenn's first ground for relief, a conviction upon insufficient evidence, using the deferential standard applied to state court rulings on the petitioner's claims.

A petitioner who claims that the evidence at trial was insufficient for a conviction must demonstrate that after viewing the evidence in the light most favorable to the prosecution no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson,* 443 U.S. 307; *Scott v. Mitchell,* 209 F.3d 854, 885 (6th Cir. 2000). This is the standard whether the evidence against the petitioner is direct or circumstantial. *Spalla v. Foltz,* 788 F.2d 400, 402 (6th Cir. 1986). It is not necessary that the evidence exclude every reasonable hypothesis except that of guilt. *Holland v. United States,* 348 U.S. 121, 140 (1954).

The role of the reviewing court in considering such a claim is limited:

A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court. *Marshall v. Lonberger,* 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris,* 972 F.2d 675, 679 (6th Cir. 1992). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker,* 231 F.3d 265, 286 (6th Cir. 2000). The mere

existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Ibid.*

*Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003).  "[A]ttacks on witness credibility are simply challenges to the quality of the government's evidence and not to the sufficiency of the evidence."  *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002) (quoting *United States v. Adamo,* 742 F.2d 927, 935 (6th Cir.1984)).

The state appellate court reviewing Glenn's claim of a conviction against the manifest weight of the evidence on direct appeal wrote the following in overruling that claim:

> {¶ 36} Appellant argues that the admission of his statement and the array testimony caused a miscarriage of justice, and that while the trial court was not convinced by the witness identification alone, the admission of the additional tainted evidence to supplement the identification was error.  We find appellant's argument without merit.  Even if we disregard the evidence appellant challenges on appeal, his conviction is not against the manifest weight of the evidence.
>
> {¶ 37} The police apprehended appellant fleeing from the stolen Malibu which contained Orloski's purse.  Sgt. Bechtel testified that he responded to Noble Road, where OnStar had tracked the Malibu, and saw the Malibu being following by a Monte Carlo with the license plate "24 WINS." Sgt. Bechtel followed the Malibu, and when it stopped and appellant fled the vehicle, Sgt. Bechtel and Officer O'Leary continued the foot chase of appellant and apprehended him, and the officers never lost sight of appellant during the entire pursuit.  Thus, we find no miscarriage of justice and appellant's final assignment of error is overruled.

*Glenn*, 2011 WL 3210689 at *6.  As noted earlier, the state court's finding that the manifest weight of the evidence supported Glenn's conviction necessarily includes a finding that the evidence was *constitutionally sufficient* to support Glenn's conviction.

To overcome the deference this court must show the decisions of state courts, Glenn must demonstrate that the state appellate court's decision was based on an unreasonable determination of the facts on the record before the court or was contrary

16

to or an unreasonable application of a holding of the Supreme Court. The state appellate court found that the photo array identifications admitted at trial were not impermissibly suggestive and were, therefore, properly admitted. The appellate court also found that Glenn's statements to police admitted at trial were voluntary and spontaneous rather than the product of police questioning. As such statements may be admitted even when a defendant has not yet been *Mirandized*, the appellate court concluded, the trial court did not err in admitting the statements.

Glenn attacks the admission of the identifications from the photo arrays by citing Supreme Court cases regarding the standard to be used in deciding whether an identification is constitutionally prejudicial. Glenn does not demonstrate, however, that the state appellate court's admission of the photo array identifications reached a conclusion opposite to that reached by Supreme Court holdings on a question of law or arrived at result opposite to the result reached by the Supreme Court on materially indistinguishable facts. With respect to the admission Glenn's statements to police, Glenn asserts that trial counsel should have moved for a suppression hearing to determine the facts surrounding Glenn's statements, but he does not assert or offer any evidence to support a claim that Glenn's statements were not voluntary and spontaneous. Glenn does not demonstrate, therefore, that the state appellate court's decision was based on an unreasonable determination of the facts on the record before the court or was contrary to or an unreasonable application of a holding of the Supreme Court. Glenn also does not address the state appellate court's larger conclusion that even if the challenged evidence is disregarded, the manifest weight of the evidence (and, therefore, constitutionally sufficient evidence) supported Glann's convictions.

17

This court defers to the state appellate court's determinations that the challenged evidence was properly admitted and that with or without the challenged evidence the manifest weight of the evidence supported Glenn's conviction.  Consequently, that portion of Glenn's first ground for relief alleging that his conviction was upon insufficient evidence is without merit and should be dismissed.

IV.

For the reasons given above, Glenn's grounds for relief should be dismissed for the following reasons:  (1) the portion of ground one alleging a conviction against the manifest weight of the evidence as not cognizable; (2) grounds 2 through 6 as procedurally defaulted; and (3) the portion of ground one alleging a conviction upon insufficient evidence as without merit.  As this disposes of all Glenn's grounds for relief, his habeas petition should be denied and dismissed with prejudice.


Date:  May 7, 2013                                    /s/ Nancy A. Vecchiarelli
                                                          United States Magistrate Judge

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**