IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEVANTE GLENN, | CASE NO. 1:13 CV 128 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| vs. | Magistrate Judge Nancy A. Vecchiarelli |
| DAVID BOBBY, WARDEN | **MEMORANDUM OPINION** |
| Respondent | |

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Nancy A. Vecchiarelli. (Docket #8). On January 18, 2013, Petitioner, Devante Glenn, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket #1.) The Magistrate Judge recommends that the Petition be denied and dismissed with prejudice.

**Factual and Procedural Background**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

> On July 6, 2009, The Cuyahoga County Grand Jury indicted appellant on six counts: Count 1 and 4 alleged aggravated robbery in violation of R.C. 2911.01(A)(1); Counts 2 and 5 alleged kidnaping in violation of R.C. 2905.01(A)(2); and Counts 3 and 6 alleged theft in violation of R.C. 2913.02(A)(1). The state court granted Glenn's motion for acquittal as to the kidnaping charges. In addition, the state court found Glenn guilty of two counts of aggravated robbery, two counts of theft, , and of firearm specifications related to these charges.
>
> Glenn, represented by the same counsel as had represented him at trial, filed a timely notice of appeal to the state appellate court raising two assignments of error. The state appellate court, on July 28, 2011, overruled the assignments of error and affirmed the judgment of the trial court. Glenn then filed a timely notice of appeal to the Ohio Supreme Court, asserting two propositions of law. On November 30, 2011, the Ohio Supreme Court denied Glenn leave to appeal and dismissed the appeal as not involving any substantial

constitutional question. On October 21, 2011, Glenn filed an application to reopen his direct appeal pursuant to Ohio App. R. 26(B), asserting that appellate counsel had been ineffective for failing to raise several claims. For this application, Glenn was represented by counsel who had not represented him in his original direct appeal. On April 2, 2012, the state appellate court denied Glenn's application to reopen.

Glenn then filed a timely notice of appeal of the state appellate court's denial of his application to reopen to the Ohio Supreme Court, asserting four propositions of law. On June 20, 2012, the Ohio Supreme Court dismissed Glenn's appeal as not involving any substantial constitutional question. On January 18, 2013, Glenn filed in the United States District Court for the Northern District of Ohio Eastern Division a petition for a federal writ of habeas corpus, raising six grounds for relief under the Sixth, Eighth, and Fourteenth Amendments.

Respondent David Bobby, Warden, filed an Answer/ Return of Writ on February 22, 2013. (Docket #6.) Glenn filed a Traverse on March 22, 2013. (Docket #7.)

On May 7, 2013, the Magistrate Judge issued a Report and Recommendation. (Docket #8.) The Magistrate Judge recommends that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice. On June 20, 2013, Petitioner Glenn filed his Objections and Exceptions to the Report and Recommendation of the Magistrate Judge. (Docket #12.)

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) states:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

**Conclusion**

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*,

2

considering the objections and exceptions of the Petitioner. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. The Court hereby ADOPTS the Report and Recommendation of the Magistrate Judge (Docket #8) in its entirety.

The Petition for Writ of Habeas Corpus (Docket #1) is DENIED and DISMISSED WITH PREJUDICE.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation (Docket #8), a reasonable jurist would not find this Court's assessment of the constitutional claims on ground one debatable or wrong. Furthermore, for the reasons stated in the Magistrate Judge's Report and Recommendation (Docket #8), a reasonable jurist could not conclude that dismissal of grounds 2 through 6 of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: July 3, 2013

4